UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID C. BRACKENS,

    Plaintiff,                                  Case No. 14-14835

vs.                                            Hon. Gerald E. Rosen

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., KENWOOD MORTGAGE, LLC,
and NATIONSTAR MORTGAGE LLC,

    Defendants.

_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' UNOPPOSED MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       March 30, 2016      

PRESENT:    Honorable Gerald E. Rosen
                        United States District Judge

## I. INTRODUCTION

Plaintiff David C. Brackens commenced this suit in state court on or around November 23, 2014, asserting state-law claims of wrongful foreclosure, breach of contract, and fraudulent misrepresentation against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Kenwood Mortgage LLC ("Kenwood"), and Nationstar Mortgage LLC ("Nationstar"), and seeking to block a scheduled

November 26, 2014 foreclosure sale of Plaintiff's residence on White Tail Drive in Grand Blanc, Michigan. Defendants MERS and Nationstar removed the case to this Court on December 22, 2014, citing the diverse citizenship of the parties. *See* 28 U.S.C. §§ 1332(a) 1441(a).[1]

Through the present motion filed on March 10, 2015, Defendants MERS and Nationstar seek the dismissal of Plaintiff's complaint in its entirety under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. In support of this motion, Defendants contend that Plaintiff's complaint (i) lacks allegations sufficient to state a viable claim of wrongful foreclosure, (ii) asserts a breach-of-contract theory that is not available under Michigan law, and (iii) fails to plead a claim of fraudulent misrepresentation with the requisite specificity. Plaintiff has not responded to Defendants' motion, despite a May 29, 2015 order directing him to do so and warning him that a "failure to comply with this order may result in dismissal of this matter." (5/29/2015 Order at 1.)

---

[1]Defendant Kenwood has not joined in this removal, as it had not yet been served with Plaintiff's complaint at the time of removal, and the record does not disclose that it has since been served with the complaint. Defendants MERS and Nationstar assert in their notice of removal that Defendant Kenwood has been fraudulently joined in this action, and that its citizenship therefore may be disregarded for purposes of determining the existence of diversity jurisdiction, where none of the factual allegations of the complaint are directed specifically at Kenwood or otherwise identify a basis for charging this Defendant with liability under any of the theories of recovery asserted in the complaint.

Having reviewed Defendants' unopposed motion, as well as the remainder of the record, the Court finds that the pertinent facts, allegations, and legal issues are adequately presented in these materials, and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendants' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court readily concludes that Defendants' motion should be granted, and that Plaintiff's complaint should be dismissed in its entirety with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In October of 2007, Plaintiff David C. Brackens granted a mortgage (the "Mortgage") on property located on White Tail Drive in Grand Blanc, Michigan (the "Property") to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as a nominee for Defendant Kenwood Mortgage LLC ("Kenwood") and Kenwood's successors and assigns. The Mortgage was given as security for a promissory note in the amount of $354,500.00 (the "Note") payable to Kenwood. On February 4, 2010, the Mortgage was assigned to Defendant Nationstar Mortgage LLC ("Nationstar"), and this assignment was recorded with the Genesee County Register of Deeds on March 16, 2010.

According to the complaint, Plaintiff obtained a modification of his

mortgage loan "in the amount of $422,347.54," as "evidenced by email and fax records." (Complaint at ¶ 21.) Plaintiff subsequently defaulted on his repayment obligations under the Note and modified mortgage loan, apparently as a result of losing his job, and he alleges that Defendants led him to believe that he was eligible for a "lease program" or some other form of mortgage assistance in lieu of foreclosure. (*Id.* at ¶¶ 9-13, 22-23.)[2]

Despite these alleged representations, Defendant Nationstar began the foreclosure by advertisement process on October 29, 2014, and scheduled a sheriff's sale of the Property for November 26, 2014. According to the complaint, Plaintiff was "unaware of [this] tactic[]," and he further alleges that the notice of foreclosure misstated the amount due under the Note and Mortgage. (*Id.* at ¶¶ 15, 26.)

Notwithstanding this claim of unawareness, Plaintiff commenced the present suit in state court on November 24, 2014, two days before the scheduled sheriff's sale of the Property, seeking to forestall this sale and compel Defendants to grant

---

[2]As observed in Defendants' motion, while the complaint refers generally to the "Defendants" as having engaged in loss mitigation efforts with Plaintiff, only Defendant Nationstar would have been involved in any such efforts. Defendant MERS assigned the Mortgage to Nationstar in February of 2010, and there is no indication in the complaint that either MERS or Defendant Kenwood were involved in Plaintiff's subsequent attempts in 2014 to obtain a loan modification or to pursue other loss mitigation measures.

him another loan modification.³  Plaintiff's complaint asserts state-law claims of wrongful foreclosure, breach of contract, and fraudulent misrepresentation. Defendant removed the case to this Court on December 22, 2014, citing the diverse citizenship of the parties,⁴ and they now seek the dismissal of Plaintiff's complaint in its entirety.

### III.  ANALYSIS

**A.     The Standards Governing Defendants' Motion**

Through their present motion, Defendants seek the dismissal under Fed. R. Civ. P. 12(b)(6) of each of the three claims asserted in Plaintiff's complaint for failure to state a claim upon which relief can be granted.  When considering a motion brought under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept all well-pled factual allegations as true.  *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*,

---

³Defendants state in their present motion that the sheriff's sale has been adjourned, and that the Mortgage has yet to be foreclosed.

⁴As noted earlier, this claim of diverse citizenship excludes Defendant Kenwood, which has yet to be served with the complaint, and which, according to Defendants MERS and Nationstar, was fraudulently joined as a party to this suit.

556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

**B.   Plaintiff's Allegations, Accepted as True, Fail to Support a Viable Claim of Wrongful Foreclosure.**

In count I of his complaint, Plaintiff asserts a state-law claim of wrongful foreclosure, alleging that Defendants failed in various respects to adhere to the requirements of the Michigan statutory scheme governing foreclosure by

advertisement. In seeking the dismissal of this claim, Defendants argue that Plaintiff has not identified any statutory requirements that they failed to follow, nor has he alleged any prejudice resulting from any such purported defects in the foreclosure process. The Court agrees.

First, while Plaintiff alleges generally that Defendants "failed to properly follow the requirements of the [f]oreclosure process set forth in MCL 600.3201 *et seq.*," (Complaint at ¶ 26), Defendants correctly observe that Plaintiff has failed to cite to any specific provision within this statutory scheme that Defendants purportedly violated, nor has he alleged specific facts which, if proven, would establish such a violation. Plaintiff alleges, for example, that Defendants failed to "send[] the documents for a lease program" before commencing foreclosure by advertisement, (*id.*), but he has not identified — nor has the Court's own research disclosed — a statutory provision that might impose such a requirement. Moreover, while Plaintiff suggests that Defendants should have "postpon[ed] the [s]heriff['s] sale" while the parties explored a "lease program process," (*id.*), Defendants state without contradiction that the sheriff's sale of the Property has not yet gone forward.

To be sure, Plaintiff also alleges in support of this claim that the notice of foreclosure issued by Defendant Nationstar failed to incorporate a proper

calculation of the amount claimed to be due on the Mortgage, (*see id.*), and a Michigan statute does, in fact, dictate that a notice of foreclosure by advertisement must identify "[t]he amount claimed to be due on the mortgage on the date of the notice," Mich. Comp. Laws § 600.3212(c).  As Defendants observe, however, another court in this District has held that this bare allegation of an incorrect statement of the amount due under a mortgage is insufficient as a matter of law to state a claim of wrongful foreclosure:

> Plaintiff appears to be suggesting that the notice of foreclosure issued by [the defendant loan servicer] incorrectly stated the total amount due and, as a result, was legally invalid.  From a pleading perspective, the complaint falls far short of the mark.  Indeed, Plaintiff fails to assert basic elements of his claim, including the balance according to Plaintiff's records.  Moreover, there is no indication how, if at all, this purported discrepancy has impaired Plaintiff's ability to challenge the underlying foreclosure . . . .  Plaintiff's wrongful foreclosure claim is little more than a series of naked assertions devoid of further factual enhancement.

*Nadratowski v. Mortgage Electronic Registration Systems,* No. 14-14010, 2015 WL 519242, at *2 (E.D. Mich. Feb. 9, 2015) (internal quotation marks, alteration, and citation omitted).[5]  Likewise, the Court concludes in this case that Plaintiff's

---

[5] Defendants note that the plaintiff in *Nadratowski* was represented by the same attorney, David G. Lutz, who has appeared on behalf of Plaintiff in this case.  The Court further observes that there is a considerable overlap in the complaints filed in *Nadratowski* and this case, and that, in particular, the claims of wrongful foreclosure asserted in the two cases are exemplars of "bare bones" pleading.

vague allegations of purported defects in the foreclosure process fail to support a facially plausible claim of wrongful foreclosure under Michigan law.

Even assuming that Plaintiff had identified specific shortcomings in the foreclosure process pursued by Defendant Nationstar, Michigan law dictates that he "must establish prejudice (such as double liability) resulting from [Nationstar's] failure to adhere to the statute's requirements." *Nadratowski,* 2015 WL 519242, at *2 (internal quotation marks and citation omitted); *see also Kim v. JPMorgan Chase Bank, N.A.,* 493 Mich. 98, 825 N.W.2d 329, 337 (2012). Yet, Plaintiff has failed to allege any such prejudice he suffered as a result of Defendants' purported failure to comply with the Michigan statutory scheme governing foreclosure by advertisement. Accordingly, Plaintiff's claim of wrongful foreclosure is subject to dismissal on this ground as well.

**C.     Plaintiff's Breach of Contract Claim Is Both Legally Deficient and Inadequately Pled.**

In count II of his complaint, Plaintiff alleges that the Note and Mortgage together constitute a binding contract between the parties, and that Defendants have "breached the implied covenant of good faith and fair dealing" that is imposed by operation of law upon the parties to this contract. (Complaint at ¶¶ 28-29.) In particular, Plaintiff alleges that Defendants breached this implied covenant by

"[d]isingenuously negotiating lease alternatives" with him. (*Id.* at ¶ 30.) As Defendants correctly observe, however, this breach of contract claim is both legally deficient and inadequately pled.

First, the courts have explained that "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Management of Michigan, Inc.,* 271 Mich. App. 11, 718 N.W.2d 827, 841 (2006); *see also Smith v. Nationstar Mortgage,* No. 15-13019, 2015 WL 7180473, at *3 (E.D. Mich. Nov. 16, 2015); *Nadratowski,* 2015 WL 519242, at *3. Next, to the extent that Plaintiff alleges that Defendants breached a contractual obligation to consider Plaintiff for a loan modification or "negotiat[e] lease alternatives" with him, Defendants state without contradiction that the Note and Mortgage impose no such obligations. Finally, if Plaintiff seeks to enforce some sort of oral promise to modify the terms of the Note or Mortgage, any such claim would run afoul of a provision in Michigan's statute of frauds, Mich. Comp. Laws § 566.132(2), which dictates that "a financial institution's promise regarding financial accommodation, like a loan modification, is not enforceable unless it is (1) in writing, and (2) signed by an authorized agent of the financial institution." *Nadratowski,* 2015 WL 519242, at *3 (internal quotation marks and citations omitted).

**D.     Plaintiff Has Failed in Several Respects to Plead a Viable Claim of Fraudulent Misrepresentation.**

In the third and final count of his complaint, Plaintiff asserts a claim of fraudulent misrepresentation, alleging that he justifiably relied on Defendants' false assurances that "he would be receiving documents" concerning a lease program or some other form of mortgage assistance. (Complaint at ¶ 32.) Defendants seek the dismissal of this claim on a number of grounds, and the Court readily agrees that this claim is subject to dismissal.

First, Fed. R. Civ. P. 9(b) dictates that Plaintiff must plead this claim with particularity, but he has manifestly failed to do so. As this Court has explained, Rule 9(b) dictates that a plaintiff must "describe specific statements, identify the speaker, specify when and where the statements were made, and explain why the statements were fraudulent," such that the defendant is placed on "sufficient notice of the [alleged] misrepresentation[s]" to allow the plaintiff's claim of fraud to be "address[ed] in an informed way." *Thill v. Ocwen Loan Servicing, LLC,* 8 F. Supp.3d 950, 956 (E.D. Mich. 2014) (internal quotation marks and citations omitted). In this case, however, Plaintiff merely alleges in conclusory fashion that "Defendants led Plaintiff to believe he was going to receive other [mortgage] assistance" through unspecified statements "that [they] would cooperate with

Plaintiff[']s request for [a] lease program to avoid . . . foreclosure." (Complaint at ¶ 23.) This does not suffice to place Defendants on notice as to the specific statements giving rise to Plaintiff's claim of misrepresentation, the individuals who made these statements, or the context in which the statements were made. Moreover, Plaintiff's bare bones and wholly "formulaic recitation" of the remaining elements of this claim — *i.e.,*. his allegations that the representations made by Defendants "were false statements of facts," that Defendants knew these representations were false when made, that Defendants "intended to induce the Plaintiff to refrain from defending the Foreclosure in reliance on" these representations, and that Plaintiff justifiably relied on these representations," (Complaint at ¶¶ 32-35) — is insufficient to avoid dismissal under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *see also Nadratowski,* 2015 WL 519242, at *4.

Next, under well-settled Michigan law, where the relationship between the parties is governed by a contract, there can be no tort liability unless the plaintiff alleges and proves the "violation of a legal duty separate and distinct from" the obligations owed by the defendant under the contract. *Rinaldo's Construction Corp. v. Michigan Bell Telephone Co.,* 454 Mich. 65, 559 N.W.2d 647, 658 (1997); *see also Fultz v. Union-Commerce Associates,* 470 Mich. 460, 683 N.W.2d 587,

592 (2004). Yet, Plaintiff's complaint fails to identify any sort of separate legal duty owed to him by Defendants that could support a tort-based theory of recovery. *See Polidori v. Bank of America, N.A.,* 977 F. Supp.2d 754, 763-64 (E.D. Mich. 2013) (holding that under Michigan law, a lender does not owe a borrower a separate duty to explore a loan modification that could sustain a tort claim of negligence).

Finally, there is no indication in Plaintiff's complaint that the misrepresentations allegedly made to him by Defendants were set down in writing. Absent allegations of a promise made in writing and signed by a representative of one of the Defendants, "[c]ourts in this District have repeatedly held that misrepresentation claims based on alleged promises to modify home mortgages are barred by the Michigan Statute of Frauds." *Loeffler v. BAC Home Loans Servicing, L.P.,* No. 11-13711, 2012 WL 666750, at *5 (E.D. Mich. Feb. 29, 2012) (citing cases).

## IV.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' March 10, 2015 motion to dismiss (docket #6) is GRANTED.

s/Gerald E. Rosen
United States District Judge

Dated:  March 30, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135